IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                  RESPONDENT

v.                 No. 1:10-CR-10004
                No. 1:12-CV-1086

ROBERT E. KING                  MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 102) filed herein by **ROBERT E. KING**, (hereinafter referred to as "King") an inmate confined in the Federal Correctional Institution, Yazoo City, Mississippi. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 104. King has replied (ECF No. 108) to that Response and the matter is ready for decision.

1. **Procedural Background**:

King was named in four counts of an eighteen-count Indictment returned by the Grand Jury for the Western District of Arkansas on March 31, 2010. ECF No. 1. Count 1 of the Indictment charged King with conspiracy to distribute 50 grams or more of crack cocaine. Count 12 of the Indictment charged King with aiding and abetting in the distribution of a counterfeit substance purporting to be crack cocaine. Counts 13 and 15 of the Indictment charged King with aiding and abetting in the distribution of crack cocaine. His initial appearance on the Indictment was on April 20, 2010. ECF No. 8. King requested appointed counsel and the court appointed Robert L. Depper,

Jr., as counsel. ECF No. 12. Trial was initially scheduled for June 7, 2010. ECF No. 16. Several Motions to continue were granted extending the trial date to November 3, 2010.

On November 2, 2010, King and his counsel appeared before U.S. District Judge Harry F. Barnes for a change of plea hearing. ECF No. 66. Pursuant to written Plea Agreement King pled guilty to Count 1 of the Indictment, conspiracy to distribute more than 50 grams of crack cocaine. ECF No. 67. As part of the Plea Agreement, King stipulated that he would be held accountable for at least 50 grams but less than 150 grams of cocaine base at his sentencing. ECF No.. 67 ¶ 10. The Plea Agreement also provided for a wavier of King's right to appeal his conviction and sentence except in the case his sentence exceeded the statutory maximum sentence, a waiver of his right to collaterally attack his conviction and sentence except for issues of ineffective assistance of counsel, and a waiver of his right to have his sentence modified except for a properly filed motion by the Government pursuant to FED. R. CRIM. P. 35(b). ECF No. 67 ¶ 7. Judge Barnes ordered a pre-sentence investigation report ("PSR") prepared. King was remanded to the custody of the United States Marshal to await sentencing. ECF No. 66.

The United States Probation Office prepared a PSR (ECF No. 81) and the matter was set for sentencing on July 8, 2011. Pursuant to the United States Sentencing Guidelines ("USSG"), the PSR recommended a total offense level of 31 and a criminal history category VI. It recommended a sentence range of 188-235 months imprisonment. At the sentencing hearing, Judge Barnes determined the base offense level to be 28. However, the Court also found King to be a career offender pursuant to U.S.S.G. § 4B1.1(b)(a) with a resulting base offense level of 37. The Court then applied a 3 level reduction for King's acceptance of responsibility and found his total offense level to be 34. The resulting guideline imprisonment range was 262-327 months. The Court then

granted King's motion for sentence outside the applicable guideline range and imposed a sentence of 202 months imprisonment, 5 years of supervised release to follow imprisonment, and no fine. ECF No. 86.   King did not appeal this sentence.

**2.  Instant Petition**:

King filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on July 23, 2012.  ECF No. 102.  The Court directed the Government to file a response and the Government filed its Response on August 15, 2012.  ECF No. 104.

In his Motion, King raises one ground for setting aside the sentence imposed in this case. ECF No. 102. Namely, he was sentenced after the August 3, 2010 effective date of the Fair Sentencing Act of 2010 ("FSA"), and the provisions of that act were made retroactively applicable to him by the United States Supreme Court decision in *Dorsey v. United States*, ____ U.S. ____, 132 S.Ct. 2321, 2329 (2012).  He asserts his sentence should be set aside and that he should be afforded a new sentencing hearing, with a USSG sentence range of 188-235 months rather than the sentence range of 262-327 as determined by Judge Barnes at the intial sentencing.   Finally, he asserts the Court should then grant his motion for departure and give him the same level of departure (60 months below the bottom of the applicable guideline range) from the new sentence range of 188-235 months resulting in new sentence of 128 months imprisonment.   Alternatively, King argues he should be sentenced at the bottom of the new guideline range, 188 months imprisonment.

The Government agrees that the FSA is applicable to King's case pursuant to the *Dorsey* decision.  However, the Government contends application of the FSA to King's case should not result in re-sentencing or in a reduced sentence.   The Government asserts (1) King waived his right to collaterally attack his sentence, except for a claim based on ineffective assistance of counsel; (2)

King waived his right to a sentence modification except by a motion filed by the Government pursuant to Rule 35(b); and (3) while the FSA applies here, King's sentence, as imposed, is within the statutory and USSG range applicable.

**3. Discussion**:

As a preliminary matter, it should be noted that a § 2255 motion is fundamentally different from a direct appeal. A collateral attack pursuant to § 2255 is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of a § 2255 motion is clear:

> Section § 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)). In the instant case, King argues his sentence was in violation of the FSA as retroactively applied in *Dorsey*.

**A. Waiver of Right to Collaterally Attack Sentence**: The Government asserts King has waived his right to collaterally attack the sentence imposed here. Waivers of the right to collaterally attack a sentence are "generally enforceable." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such waivers are not absolute, however. A waiver must be knowing and voluntary. *Id*. Further, a defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. *Id. (citing United States v. Michelsen*, 141 F.3d 867, 872 (8th

Cir.), *cert. denied*, 525 U.S. 942 (1998)).  The court should enforce the waivers in a plea agreement if: (1) the record indicates that the defendant entered into the agreement and the waiver knowingly and voluntarily; (2) the issue raised falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).  The United States Court of Appeals for the Eighth Circuit has upheld the following waiver in a recent case: "[e]xcept for a claim of ineffective assistance of counsel, the defendant ... waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255."  *Ackerland v. United States*, 633 F.3d 698, 702 (8th Cir. 2011).

In the instant case, King's plea agreement contained a waiver of his right o collaterally attack his sentence.  There is no claim by King that his waiver was not knowingly and voluntarily made. ECF No. 108.  That waiver is substantially the same as the one upheld in *Ackerman*; namely, "the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver."  ECF No. 67 ¶ 7 (d).  King signed and acknowledged he was voluntarily entering into the plea agreement having read it, and discussed it with his lawyer.  ECF No. 67, p. 14.  Here, King asserts the retroactive application of the FSA had the effect of reducing his USSG sentencing range from 262-327 months to 188-235 months imprisonment.  He does not allege his sentence was imposed in excess of the statutory maximum.

In *Ackerman,* the Court dealt with an almost identical claim asserted because of an alleged miscalculation of a criminal history score which resulted in the USSG being misapplied.  The Court stated:

> '[T]he illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception.' 333 F.3d at 892. The court elaborated as follows: *'Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver.' Id*.

*Ackerman*, 633 F.3d at 702 (emphasis in original).  The *Ackerman* Court reversed the grant of a § 2255 motion, finding a valid waiver.  King's claims are the same as those in *Ackerman,* and he has knowingly and voluntarily waived his right to assert them in this collateral proceeding.  There would certainly be no miscarriage of justice in enforcing the waiver in this case.

**B.  Waiver of Right to Sentence Modification**: The Government also asserts King has waived his right to seek to have his sentence modified pursuant to 18 U.S.C. § 3582(c).  While the Court does not so construe the instant Motion, the same analysis would apply as applies to the waiver of the right to collaterally attack a sentence.  Here, King's waiver was knowingly and voluntarily given, the a motion for sentence reduction would fall squarely within the scope of the waiver, and as discussed below, there would be no miscarriage of justice in enforcing this waiver.

**C.  *Dorsey v. United States* as applied to this case**: Even though I have determined King has waived his right to proceed with this § 2255 motion, I will address the substance of his claims.  As noted above the FSA was made retroactively applicable to King's case by the Supreme Court decision *in Dorsey v. United States*.  King argues *Dorsey* entitles him to be re-sentenced under the FSA. Typically the FSA affects which mandatory *minimum* sentence should be applied to a particlar case.  In King's case the FSA affects the statutory *maximum* sentence thereby affecting which USSG offense level should be used because of his career offender status under USSG § 4B1.1.  King pled guilty to conspiracy to distribute more than 50 grams of cocaine base.  Prior to the retroactive

application of the FSA, and at his sentencing hearing, the sentence range for this offense was not less than 10 years nor more than life imprisonment. As a result of this sentence range and his career offender status, the base offense level for King was determined to be 37. This resulted in a USSG sentence range of 262-327 months. As noted above Judge Barnes departed from this range at King's request, because of issues of fundamental fairness, and sentenced him to 202 months.[1]

Pursuant to the retroactive application of the FSA, the maximum statutory sentence applicable in King's case became 40 years rather than life. This resulted in his base offense level being 34 with a USSG sentence range of 188-235 months. King asserts he should receive the same 60 month departure from the low end of this new guideline range or alternatively be sentenced at the low end, namely, 188 months. The Government, without citing any authority, states that because the imposed sentence of 202 months falls within the "new" USSG range of 188-235, King has suffered no harm or prejudice and no new sentence should be considered.

The Court can find no authority directly on point with the issue raised in this case. The Government concedes *Dorsey* is applicable to King's case generally. That being the case, the proper USSG sentencing range for King, based on Judge Barnes's findings at the sentencing hearing is 188-235 months. Judge Barnes sentenced King to 202 months imprisonment, a sentence squarely within the appropriate sentencing range. The downward departure Judge Barnes granted was not one based on the circumstances of King's case nor because King demonstrated any exceptional reason for a lowered sentence. Rather, the parties discovered an error in the PSR at the sentencing hearing, and because King had no time to adequately "prepare for a more harsh sentence," his motion for

---

[1] It is worth noting here that Judge Barnes could have departed to a different sentence, either higher or lower than that actually imposed, as the USSG are advisory rather than mandatory.

departure was granted.  Considering those matters and the fact that the sentence imposed is squarely with the sentence range even King says is appropriate under the USSG, the Court finds King has not been harmed nor has he suffered prejudice as a result of the sentence imposed.

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be DENIED and dismissed.[2]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **15th day of January 2013.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*  In this case the parties do not dispute the relevant facts, therefore, an evidentiary hearing is not required.