IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                              RESPONDENT

v.                                        No. 1:10-CR-10004
                                          No. 1:12-CV-1086

ROBERT E. KING                                                                              MOVANT

**ORDER**

  Before the Court is the Report and Recommendation filed January 15, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 129). Judge Bryant recommends that Robert King's Motion to Vacate, Set Aside, or Reduce Sentence (ECF No. 102), made pursuant to 28 U.S.C. § 2255, be denied and dismissed. Judge Bryant further recommends finding that, pursuant to 28 U.S.C. § 1915(a), an appeal from dismissal would not be taken in good faith.

  On February 5, 2013, this Court adopted (ECF No. 135) the Report and Recommendation of the magistrate and denied King's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 102). The Court also dismissed King's companion civil case, Case No. 1:12-CV-1086. When the Court adopted the Report and Recommendation, we recognized that King had not filed objections to Report and Recommendation and that the time do so had passed. Twenty-two days after the Court's Order was issued, King filed a Motion for Reconsideration. (ECF No. 137). King claimed that he never received the Report and Recommendation and therefore was unable to file timely objections. He requested that the Court's previous Order be vacated; that he be sent another copy of the Report and Recommendation; and that his time to file objections be

extended. The Court did not vacate its order at that time but did extend King's time to file objections and re-sent the Report and Recommendation. (ECF No. 141). Because King has now filed objections (ECF No. 146), the Court will conduct a *de novo* review of Judge Bryant's Report and Recommendation.

King's petition asserts that he is entitled to a lower sentence under the more lenient sentencing guidelines imposed by the Fair Sentencing Act of 2010 ("FSA"). There is no dispute that the FSA's more lenient penalties retroactively apply to King. *Dorsey v. United States*, 132 S.Ct. 2321, 2326 (2012). Nonetheless, Judge Bryant recommends denial of King's § 2255 motion on grounds that (1) he waived his right to collaterally attack his sentence and (2) his current sentence already falls within the new sentencing guidelines imposed by the FSA.

A defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)(citing *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.), *cert. denied*, 525 U.S. 942 (1998)). The court should enforce the waivers in a plea agreement if: (1) the record indicates that the defendant entered into the agreement and the waiver knowingly and voluntarily; (2) the issue raised falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice. *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

In his objections, King does not deny that he knowingly and voluntarily signed a plea agreement containing a waiver of his right to collaterally attack his sentence. Rather, he seems to argue that his sentence is now illegal in light of the FSA's more lenient provisions. The Court disagrees. King's 202 month sentence was far below the pre-FSA guidelines range of 262-327 months, and it is on the lower end of the post-FSA guidelines range of 188-235 months.

Accordingly, the Court finds nothing manifestly unjust in the sentence or in enforcing the waiver in this case.

Despite finding that King had waived his right to collaterally attack his sentence, Judge Bryant went on to discuss the merits of King's § 2255 motion. Applying the more lenient provisions of the FSA, King's new guidelines range is 188-235 months. King's current sentence of 202 months falls squarely within the new guidelines range. However, King argues that he is entitled to a sentence below the new guidelines range due to the downward departure he received in his original sentencing. As Judge Bryant pointed out, the downward departure the Court granted was not one based on the circumstances of King's case nor because King demonstrated any exceptional reason for a lowered sentence. The 60-month departure from the guidelines range of 262-327 months resulted from the parties' late discovery of an error in the pre-sentence report. Not wanting to give King a more harsh sentence than he was prepared for when he arrived at his sentencing, the Court granted King's motion for departure. Given the reasons for the departure, Judge Bryant found that King has not been prejudiced by the 202-month sentence imposed and is not entitled to a reduction.

In his objections, King argues that the Court is required to apply his previous 60-month reduction to the new guidelines range. King cites the following provision in support of this argument:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*

U.S.S.G.§ 1B1.10(b)(1) (emphasis added).

In this case, King is not pursuing a sentence reduction under 18 U.S.C. § 3582(c)(2), nor is he entitled to a reduction under § 3582(c)(2).[1]  Accordingly, the cited provision is not directly applicable under these circumstances.

In sum, because King has waived his right to collaterally attack his sentence, and because his current sentence falls within the new guidelines range of 188-235 months, the Court finds that a sentence reduction is not warranted.  The Court overrules King's objections and adopts Judge Bryant's Report and Recommendation (ECF No. 129).  For the reasons stated herein and above, as well as those contained in the Report and Recommendation, King's Motion to Vacate, Set Aside, or Reduce Sentence (ECF No. 102) is **DENIED** and his companion civil case is **DISMISSED**.  Pursuant to 28 U.S.C. § 1915(a), an appeal from this dismissal would not be taken in good faith.

IT IS SO ORDERED, this day 9th day of April, 2014.

/s/ Harry F. Barnes
Harry F. Barnes
Senior United States District Judge

---

[1] In this case, King's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A).  He was not sentenced under the United States Sentencing Guidelines and therefore may not rely on Amendment 750 which lowered crack cocaine offense levels in § 2D1.1. *See United States v. Lewis*, 476 F. App'x 100, 101 (8th Cir. 2012) ("[Defendant's] Guidelines range reflected the statutory minimum sentence, which was not lowered by Amendment 750.")