IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                       PLAINTIFF

v.                          Case No. 1:10-cr-10004-002

ROBERT E. KING                                                          DEFENDANT

## **AMENDED ORDER**

On March 25, 2020, the Court entered an order denying Defendant Robert E. King's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018 and for a Full Resentencing Hearing and for Robert E. King to be Present to the extent that it requested a full resentencing hearing in Defendant's presence. That order contained two typographical errors in the opening paragraph. The order will be amended to correct those errors. Therefore, the Court's March 25, 2020 order (ECF No. 209) is hereby amended to read as follows:

Before the Court is Defendant Robert E. King's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018 and for a Full Resentencing Hearing and for Robert E. King to be Present. (ECF No. 197). The Government has responded. (ECF No. 205). The Court finds the matter ripe for consideration.

## **I. BACKGROUND**

On November 2, 2010, Defendant entered a plea of guilty to the charge of conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 21 U.S.C. § 846. On July 8, 2011, the Court sentenced Defendant to 202 months of imprisonment and 5 years of supervised release.

On January 17, 2019, Defendant filed a motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018 (the "FSA"). The Court appointed the Federal Public Defender to represent Defendant with respect to the FSA motion. On March 4, 2019, Defendant filed a supplement

to his motion. Defendant also asks for the Court to conduct a full resentencing in his presence. The government opposes the motion to the extent that it seeks a full resentencing.

## II. DISCUSSION

Defendant asks for a sentence reduction under the FSA. Defendant also asks for the Court to conduct a full resentencing in his presence. The purpose of this order is to address the latter request.

The Eighth Circuit has made clear that the FSA does not require district courts to hold a resentencing hearing when considering section 404 motions. *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019); *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). Accordingly, Defendant is not entitled to be present at a resentencing hearing, and the Court declines to hold such a hearing. The only remaining question is whether Defendant is entitled to a full resentencing, including reconsideration of his career-offender status.

The FSA gives the Court "broad discretion" in fashioning relief. *Jones v. United States*, No. 4:98-CR-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020). However, the FSA does not authorize a full resentencing to the extent that the Court may revisit issues considered by the sentencing judge other than the statutory range. "The First Step Act must be read in harmony with § 3582(c)(1)(B), which provides that '[t]he court may not modify a term of imprisonment once it has been imposed except . . . that the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.'" *United States v. Moore*, 412 F. Supp. 3d 1111, 1117 (D. Neb. 2019). "In other words, [section] 3582(c)(1)(B) authorizes the Court to modify a term of imprisonment as permitted by statute, and [section] 404(b) permits it. Read together, those sections are clear that what the Court may do is modify an existing term of imprisonment, based on retroactive application of the revised drug quantity thresholds set by the Fair Sentencing Act." *Id.* The consensus within the Eighth Circuit is that the First Step Act does not permit the Court to go beyond that. *Id.*; *see also United States v. Franklin*, No. 5:07-cv-50037-001, 2019 WL 3848946, at *6 (W.D. Ark. Aug. 15, 2019) ("It strikes this Court as unlikely that Congress intended for Section 404 of the First Step Act to provide certain

career offenders with underlying crack-cocaine convictions a unique opportunity for collaterally attacking their career-offender designations while leaving career offenders with underlying convictions for other drugs out in the cold."), *appeal docketed on other grounds*, No. 19-3050 (8th Cir. Sept. 19, 2019); *United States v. Neadeau*, No. CR 09-126 (DWF/RLE), 2019 WL 3766394, at *3 (D. Minn. Aug. 9, 2019) ("Nothing in Section 404 indicates any intent by Congress to "wipe[ ] the slate clean" as would be the case where a sentence has been vacated."); *United States v. Perkins*, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("[A] full resentencing is neither required nor called for.") (quoting *United States v. Sampson*, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019)).

The Court agrees with the other district courts in the Eighth Circuit to have considered the issue and finds that Defendant is not entitled to a full resentencing on all sentencing issues. Rather, the Court finds in its broad discretion that if Defendant is found to be eligible for relief under the FSA, he will receive only a modification of his existing term of imprisonment, based on retroactive application of the revised drug quantity thresholds set by the Fair Sentencing Act.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 197) should be and hereby is **DENIED** to the extent that it seeks a full resentencing hearing on all issues with Defendant present. The Court defers its ruling on whether Defendant is entitled to a sentence reduction under the FSA, and if so, what his new sentence would be. The Court will address those issues in a separate order.[1]

**IT IS SO ORDERED**, this 26th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] For this reason, the Clerk of Court is **DIRECTED** to set the instant motion (ECF No. 55) as pending in the CM/ECF electronic filing system for the time being.